**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AMIR AGHAEI-MOGHANLOO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-1524-J** |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Amir Aghaei-Moghanloo, a noncitizen proceeding pro se,[1] filed a petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernand M. Jones, II referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents filed a response to the petition, Doc. 11, and Petitioner filed a reply, Doc. 14. So the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant the petition and order Respondents to release Petitioner under an appropriate order of supervision.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Iran who entered the United States on or around June 25, 2024. Doc. 11, at 2 & Ex. 1, at 1. The record contains conflicting accounts of Petitioner's entry date. *Id.*; Doc. 11, Ex. 3, at 2 (Deportation Officer Aaron Nation states in his declaration that Petitioner "entered the United States at or near Eagle Pass, Texas, on or about November 2, 2024."). On November 2, 2024, the Department of Homeland Security (DHS) issued a Notice charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Doc. 11, at 2 & Ex. 2. On November 6, 2024, a Border Patrol Agent found Petitioner inadmissible as charged and ordered him removed from the United States. *Id.* Ex. 2.

On November 13, 2024, DHS referred Petitioner for criminal prosecution based on his improper entry in violation of 8 U.S.C. § 1325. *Id.* Ex. 3, at 2. On February 13, 2025, Petitioner pleaded guilty to the improper entry charge, and the United States District Court for the Western District of Texas sentenced him to 104 days' confinement. *Id.* Ex. 4.

On February 19, 2025, Immigration and Customs Enforcement (ICE) took custody of Petitioner. *Id.* Ex. 3, at 2. For the first time, Petitioner expressed a fear of removal to Iran. *Id.* Ex. 3, at 2. On March 3, 2025, Petitioner participated in a credible fear interview with an asylum officer from the United States Citizenship and Immigration Services (USCIS). *Id.* On March 7, 2025, the USCIS officer entered a negative credible fear finding, which Petitioner appealed. *Id.* On March 21, 2025, an Immigration Judge (IJ) vacated the negative credible fear finding. *Id.* On March 27, 2025, ICE cancelled Petitioner's prior expedited removal order and issued a Notice to Appear, maintaining its prior allegation that Petitioner was inadmissible. *Id.* Ex. 3, at 3.

On August 6, 2025, an IJ ordered Petitioner removed after conducting a merits hearing. Doc. 11, Ex. 1, at 19-20. On September 2, 2025, Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA). *Id.* Ex. 5. On April 10, 2026, the BIA dismissed Petitioner's appeal, making his removal order administratively final. *Id.* Ex. 6; *see also* 8 C.F.R. § 1241.1 ("An order of removal . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]"). Petitioner did not appeal the BIA's order.

Since his attempt to enter the United States in 2024, Petitioner has remained in detention. Doc. 14, at 1. The Government is currently detaining

him at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1, at 1.[3] On June 23, 2026, Petitioner filed his habeas petition in this Court. *Id.*

**II. Petitioner's claims.**

Petitioner claims: (1) his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment because his deportation to Iran is not "significantly likely in the reasonabl[y] foreseeable future"; and (2) his detention violates the Due Process Clause of the Fifth Amendment because his detention is "unlawful, [has] deprived [him] of [his] liberty[,] and it has caused [him] significant emotional, physical, and financial harm." Doc. 1, at 7.

**III. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United

---

[3] Because Petitioner no longer appears on ICE's detainee locator website, the undersigned ordered Respondents to update the Court on Petitioner's detention status. Doc. 15. On September 25, 2026, Respondents notified the Court that Petitioner remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 16.

States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

**IV. Petitioner is entitled to habeas corpus relief.**

As of April 10, 2026, Petitioner has a final removal order. *See* Doc. 11, Ex. 6; 8 C.F.R. § 1241.1(a). So his detention is governed by 8 U.S.C. § 1231, which provides that "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1). The ninety-day period is known as the "removal period" and detention during this period is mandatory. *See id.* § 1231(a)(2)(a) ("During the removal period, the Attorney General shall detain the [noncitizen]."). The "basic purpose" of § 1231 is "assuring the [noncitizen's] presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. But "[a]s the possibility of removal becomes remote," this purpose "drops out." *Roble v. Pontesso*, 90 F. App'x 334, 336 (10th Cir. 2004).

After the removal period, ICE has discretion either to further detain or to release under supervision inadmissible or criminal noncitizens. 8 U.S.C. § 1231(a)(3), (6); *see also* 8 C.F.R. § 241.1. Further detention, however, may not be "indefinite." *Zadvydas*, 533 U.S. at 699.

In *Zadvydas*, the Court recognized six months as a "presumptively reasonable period of detention" following a noncitizen's removal order to allow the government to accomplish a noncitizen's removal. *Id.* at 699-701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

In their response to the petition, Respondents argue Petitioner's prolonged detention claims are "premature" because Petitioner's detention has not exceeded six months. Doc. 11, at 3. The Court should reject this argument because, as of this date, Respondents have detained Petitioner for more than six months following his final removal order. *See, e.g.*, *Momennia v. Bondi*, No. CIV-25-1067-J, 2025 WL 3011896, at *9 (W.D. Okla. Oct. 15, 2025) (recommending granting the petitioner's *Zadvydas* claim when the petition was filed a few days before the six-month period and by the time the report and recommendation was issued it had been over six months), *adopted,* 2025 WL 3006045, at *1 (W.D. Okla. Oct. 27, 2025) ("It is undisputed that Petitioner has been detained over six months."); *see also Lee v. Crawford*, No. 25-cv-535, 2026 WL 745263, at *4 (E.D. Va. Feb. 27, 2026) ("Although the Petition may have been filed before the six-month mark, the Court's review is not frozen in

time as of the date of filing. Federal courts routinely consider post-filing developments in habeas proceedings challenging immigration detention."), *adopted*, 2026 WL 738591 (E.D. Va. Mar. 16, 2026).

Respondents alternatively argue in their response that Petitioner's continued detention is "reasonable" under § 1231 because his removal is "imminent." Doc. 11, at 4-6. The Court should also reject this argument.

Section 1231(a)(6) authorizes "detention only for a period consistent with the purpose of effectuating removal." *Clark v. Martinez*, 543 U.S. 371, 384-85 (2005). Petitioner argues in his reply that his removal is not likely "because: (1) The government does not have diplomatic relations with Iran (2) The government asserts using a 3rd country to facilitate removal which they have failed to gain any traction (3) ICE has made no progress in removing [him] to a third country for over 3 months[] (4) Further more Iran is in turmoil with the current war with the United States and Israel and there being no end in sight, the removal becomes not foreseeable in the future." Doc. 14, at 1.

The Court should conclude Petitioner has provided the Court with "good reason to believe that there is no significant likelihood" of Respondents removing him in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

Attempting to establish the reasonableness of Petitioner's detention, Respondents submit that Petitioner's "removal to Iran faces no substantial

issues" because he has an Iranian passport which is valid through April 24, 2029. Doc. 11, at 4 & Ex. 3, at 3. They also assert that, as of May 18, 2026, the Government has successfully removed over 131 Iranian nationals to Iran. *Id.* Ex. 3, at 3. Plus, "other third countries" are willing to accept Iranian nationals "when necessary." Doc. 11, at 5 & Ex. 3, at 3.

Petitioner disputes Respondents' evidence, stating "[a]ll attempts made by ICE to retrieve [his] travel documents remain futile." Doc. 14, at 1. And there is no "pending travel document request" to consider because "the government has been sitting on their hands while [he] continues to be detained." *Id.* at 2. Finally, Petitioner asserts that due to the ongoing "war with Iran," "the Government has not been able to remove any Iranian Nationals." *Id.*

Although Respondents do not confirm it in this case, in the case of another Iranian national in this Court, Respondents conceded in a court filing that "[a]s of May 21, 2026, all removals to Iran are paused." *Sani v. Figueroa*, No. CIV-26-970-JD, 2026 WL 2533037, at *9 (W.D. Okla. Aug. 27, 2026). So, Respondents have paused removals to Iran for an indefinite period, they have identified no third country potentially willing to accept Petitioner or provided evidence of concrete arrangements for his removal to such a country. And, they have obtained no travel documents for Petitioner during his many months of

detention. The Court should therefore find that Petitioner has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future and Respondents have not presented sufficient evidence to rebut that showing. *See, e.g.*, *Sani*, 2026 WL 2533037, at *9-10; *see also Momennia*, 2025 WL 3011896, at *10 ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention.").

Petitioner's removal to Iran in the reasonably foreseeable future is not likely under the circumstances of this case. *See, e.g.*, *Bahadorani v. Bondi*, No. 25-6177, Doc. 36, at *3 (10th Cir. Mar. 25, 2026) (remanding matter to the district court to "receive evidence and make findings of fact regarding the significant likelihood of removal in the reasonably foreseeable future given the recent and current armed conflict between the United States and Iran"). So § 1231(a) does not authorize his continued indefinite detention. *See, e.g.*, *Clark*, 543 U.S. at 385 ("[T]he Secretary may detain aliens only for the period reasonably necessary to bring about their removal."). Accordingly, the undersigned recommends the Court grant Petitioner's habeas petition and order his immediate release subject to an appropriate order of supervision. *See, e.g.*, *Bui v. Bondi*, No. 26-91-J, 2026 WL 788947, at *5-6 (W.D. Okla. Mar. 20, 2026) (ordering the petitioner's immediate release "subject to an appropriate

Order of Supervision" after finding a due process violation based on the petitioner's prolonged detention with no reasonable likelihood of removal to Vietnam).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition and order his immediate release subject to an appropriate order of supervision. The Court should further order Respondents to certify compliance by filing a status report within five business days of the Court's order.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 21, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[4] The undersigned further advises the parties that failure to make timely

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 14th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE